# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:06CR257

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>VS. )<br>)<br>)<br>RICHARD AARON SOUTHER )<br>) | **MEMORANDUM<br>AND ORDER** |

**THIS MATTER** came on for hearing before the Court outside the presence of the jury on the Defendant's motion to suppress. After consideration of the witnesses' testimony and the arguments of counsel, the Defendant's motion is denied.

Defendant moves to suppress the identification evidence on the grounds that the witnesses' identifications of the Defendant were impermissibly influenced by the showing of a photo lineup and by the officer's improper identification of the Defendant to the witnesses as being the person seen by them. He further alleges that the photo array contained or appeared to contain two of the six subjects as being without beards and showing the Defendant as the tallest person in the lineup.

The Court, having reviewed Government's Exhibit 5 (the photo lineup) introduced into evidence, and from the testimony and other evidence presented at the hearing, finds as follows.

Sergeant Donald Cole talked with witnesses Pomeroy and White and at that time, had with him the photo lineup (Exhibit 5); that he requested these witnesses to view the lineup to determine whether or not they could identify any of the six persons shown; that each picture was that of a white male, each one with a different shaped, light beard and close-cropped hair; because each photo only depicted the individual from the waist up, none of the photos indicated in any respect the height of the individual.

After viewing the photos, Sergeant Cole asked the two witnesses to write a statement explaining how they chose the individual they recognized. Sergeant Cole testified that he told Pomeroy and White to tell the truth, to make the choice, if any, on their own recollection, and he did not point out any individual as being the Defendant in this case. He further stated that at one point while Pomeroy and White were together, he talked with them; however, neither witness made an identification until they had been separated. One at a time, each witness viewed the photo lineup and made their identification. They both positively identified the photo of the

Defendant as being the individual they saw running by the window of the restaurant in which they were standing. They stated he came within 10 to 15 feet of them; that although he was running very fast, he came directly toward them where his face was fully visible, and that it was a clear day and nothing was obstructing their view.

The witnesses described the person they saw as being tall, thin, and dressed in dark clothing; that he had no mask over his face, but did have some facial hair; and that he was running down the hill from the direction of the bank. Neither witness testified that Sergeant Cole suggested to them to choose any particular person in the photo lineup.

In reviewing Government Exhibit 5, the precise color photo lineup shown to the witnesses, the Court concludes that there is clearly nothing about the photo lineup to suggest which, if any, of the subjects shown was in fact the Defendant in this case. All photos were of white males, all had facial hair and close-cropped hair. Nothing about the photo lineup was impermissibly suggestive.

The Court further determines that the totality of the circumstances as described by the various witnesses relating to clothing, height, length of stride, facial features, *etc.*, indicates the reliability of the photo

identification; that Pomeroy and White were able to watch the Defendant come toward them from a considerable distance and pass within some 10 to 15 feet of them; it was a clear day with no obstructions of their view; that they were watching the Defendant attentively because both noticed his conduct was highly unusual and he had a look of panic on his face; and further, the restaurant and bank are within sight distance of each other, as shown on the photographs introduced into evidence and as pointed out by counsel.

The Court notes that Pomeroy's statement could be read to indicate that Sergeant Cole had first pointed out the Defendant in the photo lineup shown to him. However, Pomeroy denied this occurred and testified that he intended for his statement to be read that he pointed out the Defendant as being the person he saw running across the lot and past the restaurant; that he identified the Defendant first and that Sergeant Cole did not point to any of the persons shown in the photo lineup. This testimony is in accordance with that of Sergeant Cole.

The Court, therefore, accepts this evidence, as stated by Pomeroy and Sergeant Cole to be correct and concludes that the Defendant has failed to prove that the identification procedure was impermissibly

suggestive. The Court further concludes that the identification was reliable under the totality of the circumstances as shown in the evidence presented.

The Court notes for the record that as to this ruling and each finding of fact, the Defendant has lodged an objection and exception.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to suppress is **DENIED.**

Signed: January 17, 2007

Lacy H. Thornburg
United States District Judge