IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06 cr 257

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **RICHARD AARON SOUTHER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

Before the Court is a violation report [# 56] filed by the United States Probation Office alleging that Defendant violated terms and conditions of his pretrial release. On April 6, 2018, the Court held a bond revocation hearing. Defendant was present with his counsel, Charles W. McKeller, and the Government was present through AUSA Daniel Bradley. From the evidence offered, the statements of the Government and Defendant, and the records in this cause, the Court makes the following findings.

**Findings**. On February 26, 2018, the Court entered an order of detention [# 50] as to Defendant regarding an alleged violation of Defendant's supervised release [# 45]. On March 9, 2018, the Court held a detention hearing and issued an order setting conditions of release and Defendant was released on a $25,000 unsecured bond [# 52, # 53]. The Court's terms and conditions of pretrial release included:

> (8)(a) The defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner;
>
> (8)(t) The defendant must submit to location monitoring indicated below and abide by all of the program requirements and instructions provided by the pretrial services officer or supervising officer related to the proper operations of the technology.
>
> > (i) Location monitoring technology as directed by the pretrial services officer

or supervising officer.

On April 3, 2018, based on the violation report [# 56], the Court issued an arrest warrant for Defendant. The report detailed that Defendant seemed under the influence of drugs at an office visit on March 21, 2018, and subsequently Defendant tested positive for methamphetamine. Id. Further, the report outline three separate instances where Defendant failed to abide by his scheduled curfew. Id.

On April 4, 2018, Defendant was arrested. On April 6, 2018, Defendant appeared before this Court for his bond revocation hearing. At the call of the matter, the Defendant, through his attorney, denied the allegations contained in the violation report. The Government then presented testimony through United States Probation Officer Caleb Gamble.

**Discussion**.  18 U.S.C. § 3148(b)(1) provides as follows:

The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—

(1) finds that there is—
(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
(B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that—
(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence, the Court finds there is clear and convincing evidence to believe

that Defendant has violated two terms and conditions of his release: drug use and failure to comply with location monitoring. Further, methamphetamine possession is a felony under North Carolina law. N.C. GEN. STAT. §§ 90–90; 90–95. Thus, a rebuttable presumption arises that no condition or combination of conditions will assure that Defendant will not pose a danger to the safety of any other person or the community.

Due to the findings made above, the presumption that has been created, and considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. The Court believes that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release.

As a result, the Court has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond [# 52] and terms and conditions of pretrial release [# 53] entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: April 10, 2018

Dennis L. Howell
United States Magistrate Judge